IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No.  08-CR-00523-PAB

UNITED STATES OF AMERICA,

      Plaintiff,

v

NATHAN DANIEL LARSON,

      Defendant.

---

FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS
FOR ORDER OF DETENTION

---

      This matter is before the court for detention hearing on December 19, 2008. The court has taken judicial notice of the court's file and the pretrial services report.  Moreover, the court has considered the proffers made by the Government and by the Defendant.  The court now being fully informed makes the following findings of fact, conclusions of law and order.

      In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community. The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

      If there is probable cause to believe that the defendant committed an offense which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, a rebuttable presumption arises that no condition or combination of

conditions will reasonably assure the appearance of the person as required and the safety of the community.

The Bail Reform Act, 18, U.S.C, § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1) [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The government is requesting detention in this case. In making my findings of fact, I have taken judicial notice of the information set forth in the pretrial services report and the entire court file, and have considered the proffers submitted by government and defense counsel and the arguments of counsel. Weighing the statutory factors set forth in the Bail Reform Act, I find the following by clear and convincing evidence:

First, the defendant has been charged in the Indictment with Threats Against the President of the United States in violation of 18 U.S.C. § 871(a). Based upon the Indictment, I

find probable cause exists that the defendant committed the charged offense.

Second, I find that the defendant has a very long history of mental illness that dates back to age 4.  As a juvenile, defendant was charged in juvenile court with assault and battery, and malicious wounding of a police officer.  In this juvenile case, the defendant sought revenge on a schoolmate and saved up his urine, which he then sprayed on the victim.  When the school and police intervened, he drew a pocket knife on the police officer.  At that time, defendant was believed to be suffering from depression was prescribed Paxil.  He had a bad reaction to the Paxil and he became "manic."  At age 19, defendant had suicidal ideations and he was placed at Dominion Hospital in Vienna, Virginia for a 72 hours hold and treat and was later prescribed Wellbutrin.  In May 2008, defendant moved to Baltimore, Maryland.  Defendant's mother informed pretrial release, that defendant became very depressed and obsessive, reading books and information on the internet regarding anarchists and anti-government activities.  Defendant was posting on the internet blogs concerning his views.  Defendant then decided to run for office on the Libertarian platform, espousing the platform that all government functions should be eliminated and the government disbanded.  He also began to send threatening emails to various people and entities.  In September 2008, defendant was again hospitalized at Prince William Hospital in Manassa, Virginia.  He was diagnosed with depression and prescribed Zyprexa (for a few days) and Remeron and Zoloft.  There was also a recommendation for further evaluation but the defendant declined any further evaluation since he was in the hospital as a voluntary commitment.

Third, I find that defendant has limited residential and employment stability in the District of Colorado as he has only been a resident since November 11, 2008.  The nature of the instant offense which alleges Threats Against the President of the United States and the email that was provided to the court by pretrial release is incorporated by reference in my findings.  Lastly, defendant has suffered an adult conviction for Use of Computer for Harassment.

In light of these facts, I find, by a clear and convincing evidence, that no condition or combination of conditions of release will reasonably assure the safety of other persons or of the community.  Accordingly, I order that the defendant be detained without bond.

Done this 19th of December,  2008.

BY THE COURT

S/ Michael J. Watanabe

Michael J. Watanabe
U.S. Magistrate Judge