IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 08-cr-00523-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

NATHAN DANIEL LARSON,

    Defendant.

_____

**DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE
FROM ADVISORY GUIDELINES OR A SENTENCE VARIANCE
BELOW THE ADVISORY GUIDELINE RANGE**

    The defendant, Nathan Larson ("Mr. Larson"), by and through court-appointed counsel, Assistant Federal Public Defender, Matthew C. Golla, files the following motion for a downward departure requesting this Honorable Court to depart downward. This motion is made pursuant to the United States Sentencing Guidelines ("U.S.S.G.") Section 4A1.3(b)(1), authorizing a departure where reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes.

## STATEMENT OF FACTS

    On May 14, 2009, Mr. Larson entered a plea of guilty to Count One of the Indictment charging him with a violation of 18 U.S.C. § 871(a), threats against the President of the

United States. A presentence report ("PSI") was prepared and the probation department arrived at an anticipatory guideline range of 12 to 18 months.

A closer inspection of Mr. Larson's criminal history indicates that he sustained a conviction in 2001 for possessing 1.4 grams of marijuana. Mr. Larson completed one year of probation and the case was then dismissed. See PSI at ¶25-26.

## ARGUMENT

I. **Over-representation of criminal history- U.S.S.G. §4A1.3**

The defendant asks that the Court consider a downward departure of two criminal history categories, from II to I, pursuant to U.S.S.G. (Policy statement) §4A1.3. In so doing, he relies on the portion of the policy statement that provides, "There may be cases where the court concludes that a defendant's criminal history category significantly over-represents the seriousness of a defendant's criminal history or the likelihood that the defendant will commit further crimes." See U.S.S.G. §4A1.3.

The defendant's criminal history is comprised of 2 criminal history points, with 1 point stemming from the aforementioned misdemeanor marijuana conviction.

It should be noted that the same type of offense is punishable by a fine in the County of Denver, Colorado. The fact that this conviction catapults Mr. Larson from a criminal history category I to II merely because he possessed a joint of marijuana, if that much, over-represents the seriousness of his criminal history or the likelihood that he will commit further crimes.

These same factors which would warrant a departure from the advisory guidelines also serve as mitigating factors. This court must consider those factors in fashioning a "sentence sufficient, but not greater than necessary, to comply with the purposes of sentencing." 18 U.S.C. § 3553(a).

**II.     The Sentencing Factors Set Forth In 18 U.S.C. § 3553(a) Warrant A Sentence Below Any Otherwise Applicable Advisory Guideline Range.**

Post-*Booker,* a sentencing court is no longer bound by the Guidelines. The Guidelines now are merely one of many factors to be considered in sentencing a defendant.

*Booker* specifically directs courts to consider the sentencing factors set forth in 18 U.S.C. § 3553(a). That statute mandates that this Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes of sentencing, including, *inter alia,* the need for the sentence imposed: (1) to provide just punishment for the offense [18 U.S.C. § 3553(a)(1)]; (2) the history and characteristics of the defendant [18 U.S.C. § 3553(a)(1)]; and (3) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct [18 U.S.C. § 3553(a)(6)].

All of the reasons advanced for departure warrant a sentence substantially below the advisory guideline sentence. Those reasons provide substantial mitigation in this case. As discussed *supra* the applicable criminal history is such that the proposed guideline sentence, which places Defendant on a level with offenders who have more serious criminal histories, but face similar sentences, results in unwarranted sentence disparity.

3

Mr. Larson's background paints the picture of an individual who has a history of depression with the possibility of a cyclical mood disorder. But for these issues stemming from his mental health, it is unlikely Mr. Larson would have ever engaged in the conduct that led to his upcoming sentencing.

WHEREFORE, Defendant respectfully moves this Court consider the foregoing as mitigation and/or downward depart from the otherwise applicable advisory Guideline range and sentence Mr. Larson to credit for time served.

Respectfully submitted,

RAYMOND P. MOORE
FEDERAL PUBLIC DEFENDER


s/ Matthew C. Golla
MATTHEW C. GOLLA
Office of the Federal Public Defender
633 17th Street, Suite 1000
Denver, CO    80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
E-mail: Matt_Golla@fd.org
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on August 31, 2009, I electronically filed the foregoing **DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE FROM ADVISORY GUIDELINES OR A SENTENCE VARIANCE BELOW THE ADVISORY GUIDELINE RANGE** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Kurt Bohn, Assistant United States Attorney
    kurt.bohn@usdoj.gov


and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Grant Hanson, United States Probation Officer (via e-mail)
    grant_hanson@cod.uscourts.gov


Nathan Daniel Larson (via U.S. Mail)
Reg. No. 36054-013
c/o Federal Detention Center
9595 W. Quincy Avenue
Littleton, CO 80123

                                                   s/ Matthew C. Golla
                                                   MATTHEW C. GOLLA
                                                   Attorney for Defendant
                                                   Office of the Federal Public Defender
                                                   633 17th Street, Suite 1000
                                                   Denver, CO 80202
                                                   Telephone: (303) 294-7002
                                                   FAX: (303) 294-1192
                                                   Matt_Golla@fd.org