# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Case No. 08-cr-00523-PAB

UNITED STATES OF AMERICA,

   Plaintiff,

v.

1. NATHAN DANIEL LARSON,

   Defendant.

---

### UNITED STATE'S RESPONSE TO DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE FROM ADVISORY GUIDELINES OR A SENTENCE VARIANCE BELOW THE ADVISORY GUIDELINE RANGE

---

Comes now the United States of America, by and through the below signed Assistant United States Attorney for the District of Colorado, responds to Defendant's motion for a downward departure from the advisory guidelines or a sentence variance below the advisory guideline range as follows:

On July 7, 2009, the United States Probation Officer submitted a presentence investigation report (PSIR) in this matter. The United States has no objection to the PSR as submitted. The PSR estimated the total offense level to be 12, and a criminal history category of II (based on 2 points). This provides an advisory guideline sentence of 12 to 18 months confinement.

Defendant is asking this Court to grant a downward departure under U.S.S.G. § 4A1.3(b)(1). The United States opposes a downward departure because the criminal history calculation correctly reflects the Defendant's previous criminal activity and his disregard for the serousness of his actions.

The Defendant's conviction for possession of marijuana was the result of the Defendant pleading guilty to the offense. Though given a lenient sentence, which may have been appropriate for the crime he committed, it is still evidence of the Defendant's willingness to disregard the laws of this country. That is also reflected in the one criminal history point it is given. Because the one criminal history point accurately addresses the criminal activity of the Defendant at that time, it should be included in determining the appropriate advisory guideline range.

This position is supported by the Commentary at Application Note 3, p. 382, which provides an example of when a downward departure may be warranted - e.g. when a "defendant had two minor misdemeanor convictions close to ten years prior to the instant offense and no other evidence of prior criminal behavior in the intervening period." Here the Defendant has now committed criminal acts three times over a seven year span. Therefore, a downward departure is not warranted.

The Defendant then asks this Court to grant a variant sentence under the sentencing factors outlined in 18 U.S.C. § 3553(a). The gist of the Defendant's argument is that because the Defendant possession marijuana illegally it somehow makes it *less* likely that he will commit further crimes. On the contrary, the Defendant's total criminal history is such that no variance is appropriate.

Though Defendant chooses to ask the Court to disregard his conviction for possession of marijuana - which he pled guilty to - it could be argued that the Defendant's conviction for using a computer for harassment would in and of itself warrant an upward departure.[1] The grossly descriptive nature of the Defendant's harassment - that of raping another student - is very concerning when compared to the instant offense. Here, like in the previous harassment, the Defendant wants to ask for leniency because he says he really didn't intend to carry out the threat. However, it is the Defendant's lack of remorse or concern for the impact his actions have on others that argues against a variant sentence.

For the reasons stated above, United States opposes the Defendant's motion for a downward departure or variant sentence below the advisory guideline sentence of 12 to 18 months confinement.

---

[1]To be clear, the United States is not seeking an upward departure.

Dated: 6 September 2009,

                                      DAVID M. GAOUETTE
                                      United States Attorney

                                      s/ Kurt J. Bohn
                                      KURT J. BOHN
                                      Assistant United States Attorney
                                      United States Attorney's Office
                                      1225 17th Street, Suite 700
                                      Denver, Colorado 80202
                                      Telephone: (303) 454-0100
                                      Telecopier: (303) 454-0403
                                      E-mail: kurt.bohn@usdoj.gov

**CERTIFICATE OF SERVICE**

       I hereby certify that on this 6th day of September 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    Matthew C. Golla
    matt_golla@fd.org

       I hereby certify that on the 8th September 2009, a copy of the foregoing will be placed in the United States mail to the following:

Grant Hanson
United States Probation Officer
1929 Stout Street, Suite C-120
Denver, CO 80294-5424

Nathan Daniel Larson
Reg. No. 36054-013
c/o Federal Detention Center
9595 W. Quincy Avenue
Littleton, CO 80123

                                            s/Kurt J. Bohn
                                            KURT J. BOHN
                                            Assistant United States Attorney
                                            1225 Seventeenth Street, Suite 700
                                            Denver, Colorado 80202
                                            Telephone: (303) 454-0100
                                            Facsimile: (303) 454-0404
                                            E-mail: kurt.bohn@usdoj.gov