FILED
United States Court of Appeals
Tenth Circuit

November 15, 2010

Elisabeth A. Shumaker
Clerk of Court

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

NATHAN DANIEL LARSON,

    Defendant-Appellant.

No. 09-1465
(D.Ct. No. 1:08-CR-00523-PAB-1)
(D. Colo.)

_____

## ORDER AND JUDGMENT[*]

Before **MURPHY**, **BALDOCK**, and **BRORBY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Nathan Daniel Larson pled guilty to one count of making threats against the President of the United States in violation of 18 U.S.C. § 871(a). The

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

district court sentenced him to a term of sixteen months imprisonment, followed by three years supervised release with a special condition Mr. Larson participate in a mental health treatment program, including taking all medications prescribed by his treating psychiatrist. Mr. Larson appeals the imposition of the special condition, contending the district court committed plain error by requiring he take any prescribed medications. We exercise jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and affirm.

I. Factual and Procedural Background

Following Mr. Larson's arrest and indictment for threatening the President, his federal public defender successfully moved the district court for a psychiatric evaluation. Two psychiatric reports – one prepared by a psychiatric doctor retained by Mr. Larson's attorney and another by a forensic psychologist retained by the Federal Bureau of Prisons – concluded Mr. Larson was sane at the time he sent the threat and competent to assist at his trial. These reports also described in detail his psychiatric and prescriptive history.

Following receipt of these reports, the district court held a hearing on Mr. Larson's motion to proceed *pro se* and granted the motion after finding his waiver of the right to counsel was knowing and voluntary. However, it ordered his attorney to attend all future proceedings and offer guidance to his former client.

Thereafter, Mr. Larson pled guilty to the offense of threatening the President in violation of 18 U.S.C. § 871(a).  Prior to sentencing, a probation officer prepared a presentence report based on the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."), calculating Mr. Larson's total offense level at twelve and his criminal history category at II, for a total recommended sentencing range of twelve to eighteen months imprisonment followed by a three-year term of supervised release.  Both the presentence report and attached psychiatric reports, as previously mentioned, discussed Mr. Larson's past psychiatric and prescriptive history, including his history of taking various identified medications for his mental health issues, including impulse control problems.  His psychiatric history also indicated that while no drugs were totally effective and he experienced certain negative or common side effects:  (1) his mental health problems were generally improved or controlled with medication; (2) each time he reported negative side effects from certain medications, his medication was changed; and (3) he eventually was prescribed at least two identified medications which seemed to cause improvement without adverse or negative side effects.  Additional information, including information obtained from Mr. Larson's mother, established Mr. Larson previously committed personal and physical attacks against others, including a family member, and that he posed a danger to himself and others, and during and after these incidents he was treated with prescriptive medications for the purpose of countering poor impulse control.

Based on Mr. Larson's history and characteristics, as well as the circumstances of his instant offense, the probation officer recommended special conditions as part of his supervised release, including that he participate in a program of mental health treatment and "take all medications that are prescribed by his treating psychiatrist."

Mr. Larson objected to the special conditions of mental health treatment and compelled medications, stating: (1) "psychiatrists have trouble understanding or predicting the exact effect that their prescribed drugs will have on any given individual"; (2) past recommended treatments proved to be quackery, including when "[a]ncient doctors used to try to exorcise evil spirits from the mentally ill, or drill holes in their heads to allow the spirits to escape" and Sigmund Freud prescribed cocaine to his patients; and (3) he questioned the long-term effects and ethics related to mental-health drugs commonly prescribed today, especially when considering the potential side effects. In addition to lodging these objections and with the help of his advisory attorney, Mr. Larson also filed a motion for a downward departure or, alternatively, a motion under 18 U.S.C. § 3553 for a below-Guidelines-range sentence.

At the beginning of his sentencing hearing, the district court inquired as to whether Mr. Larson had "additional comments about the motion for a variant

sentence or ... further comment on some of the sentencing aspects that you complained about ...." Mr. Larson responded by stating, "I would just like to withdraw my objections to the conditions of probation or supervised release." He also informed the district court he "intend[ed] to abide by the terms of supervised release and not commit more crimes." The district court denied Mr. Larson's request for a variant sentence and indicated its intent to sentence him to a within-Guidelines-range sentence. During his allocution before the district court prior to imposition of the sentence, Mr. Larson, with the assistance of his attorney, successfully requested a continuance; his hearing was continued seven days, at which time the district court again asked if Mr. Larson had anything else to offer, to which he said "no."

Prior to imposing his sentence, the district court stated, "no finding is necessary concerning the remaining objections to the Presentence Report because .... [n]either the government nor the defendant has challenged any other aspect of the Presentence Report; therefore, the remaining factual statements and guideline applications are adopted without objection ...." It also explicitly discussed the applicable 18 U.S.C. § 3553 sentencing factors, including the issue of recidivism as well as Mr. Larson's personal characteristics and history, which showed his inability to control his impulses and other self-control problems, not limited to his threats against authority figures; prior personal and physical attacks against

others, including a family member; and the danger he posed to himself and others. It then imposed a sentence of sixteen months imprisonment with a three-year term of supervised release. It also imposed the special condition Mr. Larson "remain medication compliant and shall take all medications that are prescribed by his treating psychiatrist" and stated that it believed if he focused on his mental health treatment, controlled his impulses, and obtained employment, he would be successful in the future. Mr. Larson did not make a contemporaneous objection to his sentence, supervised release, or any of the conditions of his supervised release.

## II. Discussion

Mr. Larson, through appointed counsel, now appeals the special condition of his supervised release ordering him to take any medications prescribed by his treating psychiatrist, contending the district court committed plain error by imposing such a requirement without explanation, resulting in a violation of his protected personal liberty interests. In making this contention, he asserts "[s]tatutory text, this court's case law, and leading opinions from other circuits required the [district] court to make specific factual findings justifying the condition ...." In support, he relies not only on the supervised release provisions in 18 U.S.C. § 3583(d) and the sentencing factors in 18 U.S.C. § 3553 but the Supreme Court's decision in *Riggins v. Nevada*, 504 U.S. 127, 137 (1992); our

decisions in *United States v. Hahn*, 551 F.3d 977, 982 (10th Cir. 2008), *cert. denied*, 129 S. Ct. 1687 (2009), and *United States v. Kravchuk*, 335 F.3d 1147, 1159 (10th Cir. 2003); and various other circuit court decisions.

In response, the government opposes the appeal, arguing the district court was not required under Federal Rule of Criminal Procedure 32 to provide an explanation for imposition of such a special condition given Mr. Larson's withdrawal of his objection to the special condition and his uncontroverted psychiatric history.  It further notes the district court in the instant case considered at length the presentence report's undisputed evidence of Mr. Larson's personal, medical, and psychiatric history which supported such a special condition and that the court provided a sufficient general statement of its reasoning when it relied on such history and expressly found Mr. Larson's mental health issues required medication to help him control his impulses.  It also points out that in the cases on which Mr. Larson relies, the defendants, unlike Mr. Larson, continued to object to the special condition of medication compliance, thereby requiring the district court to provide an explanation for imposing such a special condition.

We begin by acknowledging "[d]istrict courts have broad discretion to prescribe conditions on supervised release, pursuant to 18 U.S.C. § 3583(d) and

other applicable laws," and we generally review the imposition of such conditions for an abuse of discretion. *United States v. Wayne*, 591 F.3d 1326, 1331 (10th Cir. 2010). However, in this case, the parties agree Mr. Larson failed to object to the contested special condition so that our standard of review is for plain error. Plain error occurs when: (1) there is an error; (2) which is plain; (3) affects the defendant's substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceeding. *See United States v. Barwig*, 568 F.3d 852, 855 (10th Cir. 2009). Under a plain error review, the burden is on the appellant to establish all four elements. *See United States v. Dominguez Benitez*, 542 U.S. 74, 82 (2004). These elements are conjunctive, and only "[i]f all four prongs are satisfied, ... may [we] then exercise our discretion to notice the forfeited error." *United States v. Gonzalez Edeza*, 359 F.3d 1246, 1250 (10th Cir. 2004) (internal quotation marks omitted).

To establish an error is "plain" under the second prong of the plain error review, Mr. Larson must establish it is clear or obvious. *United States v. Olano*, 507 U.S. 725, 734 (1993). To establish the alleged error affected a substantial right under the third prong, Mr. Larson must show the error was "prejudicial," so that the error "must have affected the outcome of the district court proceedings." *Id.* Stated another way, he must show "a reasonable probability that, but for the error claimed, the result of the proceeding would have been different."

*Dominguez Benitez*, 542 U.S. at 81-82 (internal quotation marks omitted). As to the fourth prong, in order to show the error seriously affected the fairness, integrity, or public reputation of the judicial proceeding, Mr. Larson must demonstrate the district court's limited explanation was "particularly egregious" and a failure to correct it would result in a "miscarriage of justice." *See United States v. Gonzalez-Huerta*, 403 F.3d 727, 736 (10th Cir. 2005) (en banc). One can establish such an error by demonstrating "a strong possibility of receiving a significantly lower sentence," *United States v. Meacham*, 567 F.3d 1184, 1190 (10th Cir. 2009) (internal quotation marks omitted), which, in this case, would equate to a less restrictive special condition or removal of such a condition.

Having determined our standard of review, we turn to the legal principles for imposing special conditions for supervised release. The statute on which Mr. Larson primarily relies, 18 U.S.C. § 3583(d), states a court may order a condition of supervised release: (1) if the condition is "reasonably related" to the sentencing factors in 18 U.S.C. § 3553(a)(1) and (2); (2) involves "no greater deprivation of liberty than is reasonably necessary"; and (3) "is consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)." Section 3583(d) also authorizes the court to impose any discretionary condition set forth in § 3563(b)(9), which allows the court to require a defendant to "undergo available medical, psychiatric, or psychological

treatment." The § 3553(a) sentencing factors referenced in § 3583(d) require, in part, consideration of the defendant's history and characteristics; the need for adequate deterrence; protection of the public from further crimes; and "medical care, or other correctional treatment in the most effective manner" for the defendant. The Guidelines similarly provide a district court may impose special conditions of supervised release "to the extent" they are reasonably related to the § 3553(a) sentencing factors. *See* U.S.S.G. § 5D1.3(b).

In addition to these provisions, the Supreme Court has held that under the Due Process Clauses of the Fifth and Fourteenth Amendments, individuals have a "constitutionally protected liberty interest in avoiding involuntary administration of antipsychotic drugs – an interest that only an essential or overriding state interest might overcome." *Sell v. United States*, 539 U.S. 166, 178-79 (2003) (internal quotation marks omitted). Such overriding interests include situations where the defendant is a danger to himself or others and such treatment is in the inmate's medical interest. *See Riggins*, 504 U.S. at 134-35 (relying on *Washington v. Harper*, 494 U.S. 210, 227 (1990)).

With respect to the findings or explanation a district court must articulate in imposing a special condition concerning antipsychotic drugs, we recognize Federal Rule of Criminal Procedure 32(i)(3)(A) and (B) generally states the

district court "may accept any undisputed portion of the presentence report as a finding of fact" and only requires that it rule on "any disputed portion of the presentence report or other controverted matter."  However, where a defendant has objected to the imposition of an involuntary medication order, the Supreme Court has held such a special condition is constitutionally impermissible "absent a finding of overriding justification and a determination of medical appropriateness."  *Riggins*, 504 U.S. at 135.  Similarly, where a defendant objects to a presentence report's recommendation for a special condition, we have held the "district court is required to give reasons on the record for the imposition of special conditions of supervised release," but, in so doing, it "need only provide a generalized statement of its reasoning."  *Hahn*, 551 F.3d at 982-83 (internal quotation marks omitted).

     In this case, Mr. Larson explicitly withdrew his objection to the presentence report, including the recommendation for a special condition of supervised release requiring him to take prescribed medications during such release.  As a result, the district court could accept the undisputed portions of the presentence report and attached psychiatric reports concerning Mr. Larson's mental health issues, need for mental health treatment, and use of medications to assist with those issues.

As to the government's argument Federal Rule of Criminal Procedure 32 requires no explanation for the imposition of such a condition where, like here, the defendant did not object to the imposition of such a special condition, we need not address its argument on appeal. This is because the district court in this instance provided a general statement for the purpose of addressing the overriding justification for such a special condition and its determination concerning its medical appropriateness. The district court did this when it explicitly outlined some of the serious mental health issues Mr. Larson experienced, including his inability to control his impulses, which the record demonstrates occurred without proper prescriptive medication, and other related self-control problems, such as his threats against authority figures, personal and physical attacks against others, and the danger he posed to himself and others. In so doing, it is evident the district court carefully considered Mr. Larson's psychiatric and prescriptive history before imposing the special condition requiring compliance in taking prescribed medications. As a result, in applying the first two prongs of our plain error standard of review, we perceive no error that is plain or otherwise clear or obvious.[1]

Even if plain error existed with regard to the brevity in which the district

---

[1] While we need not address the other conjunctive prongs of our plain error review, we do so for Mr. Larson's benefit to fully address the serious claims associated with his appeal.

court justified the imposition of such a special condition, Mr. Larson has not shown, under the third prong of our review, "a reasonable probability that, but for the error claimed, the result of the proceeding would have been different." *United States v. Mendoza*, 543 F.3d 1186, 1194 (10th Cir. 2008) (internal quotation marks omitted). This is because nothing in the record or Mr. Larson's argument indicates a more thorough explanation or a remand for a more thorough explanation would change the outcome of the proceeding concerning the district court's imposition of such a condition. As to the fourth prong, the record contains uncontroverted evidence to show the requisite overriding justification and medical appropriateness for imposition of the contested special condition, and Mr. Larson has not shown the district court's explanation was particularly egregious, a failure to correct it would result in a miscarriage of justice, or, but for the error alleged, there was a strong possibility the district court would have declined imposing the special condition. In sum, the lack of a more thorough explanation did not seriously affect the fairness, integrity, or public reputation of Mr. Larson's judicial proceeding.

With regard to the cases on which Mr. Larson relies, the government correctly contends the facts are distinguishable from the circumstances here, and therefore, no remand is necessary. In *Riggins*, on which Mr. Larson relies, the Supreme Court held the forced administration of antipsychotic medication during

a defendant's trial denied him the right to a "full and fair trial" under the Sixth and Fourteenth Amendments. 504 U.S. at 133-38. However, the Court noted the constitutional interests of an individual under a penal confinement differed, and, as previously noted, it held "due process allows a mentally ill inmate to be treated involuntarily with antipsychotic drugs where there is a determination that 'the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest.'" *Id.* at 134-35 (quoting *Washington*, 494 U.S. at 227). In this instance, the special condition imposed did not occur during Mr. Larson's trial but during a portion of his penal sentence – his supervised release. As a result, the district court in this case was not constitutionally prohibited from ordering the treatment with drugs based on what it believed to be in Mr. Larson's medical interest, especially given the danger it noted he posed to himself and others.

As to this circuit's decisions on which Mr. Larson relies, in *Hahn,* the defendant objected to imposition of special conditions of supervised release, so that, unlike here, the standard of review was for an abuse of discretion. *See* 551 F.3d at 982. But, like here, we held the district court's explanation of the special conditions relating to the defendant's history and characteristics and need to protect the public from further crimes was sufficient to avoid remand. *See id.* at 982-83. In *Kravchuk*, we reviewed for an abuse of discretion the district court's imposition of conditions associated with the defendant's supervised release and

remanded because the district court failed to provide any reasons for such special conditions. *See* 335 F.3d at 1159-60. In contrast, in this case, Mr. Larson withdrew his objection to the special condition, resulting in our application of the plain error review, and the district court provided an express general statement of its reasoning for imposition of such a special condition.

As to the other circuit court cases on which Mr. Larson relies, they are not only nonprecedential but distinguishable given the defendants, unlike Mr. Larson, did not withdraw their objections to the special conditions imposed so that the review was for an abuse of discretion, and the district courts, in imposing those special conditions, unlike here, failed to provide a general or otherwise adequate explanation or finding for the special condition imposed, and/or the record did not support imposition of such a condition. *See United States v. Cope*, 527 F.3d 944, 948-49, 955 (9th Cir. 2008) (holding development of "medically informed records" and "on-the-record medically-grounded findings" are required where defendant objected to special condition of compelled medication for which he did not receive notice); *United States v. Weber*, 451 F.3d 552, 557-58, 560 (9th Cir. 2006) (determining objection to special condition for plethysmograph testing and compelled medication requires the government to show condition is reasonably necessary to promote § 3553(a) goal and for the district court to perform a "thorough inquiry"); *United States v. Myers*, 426 F.3d 117, 124, 126-27 (2d Cir.

2005) (applying abuse of discretion review and holding record failed to support special condition limiting father from visiting son); *United States v. Williams*, 356 F.3d 1045, 1056-57 (9th Cir. 2004) (concluding district court abused its discretion in ruling on defendant's objection when imposing mandatory medication special condition because it failed to make findings on a medically-informed record); *United States v. Warren*, 186 F.3d 358, 366-67 (3d Cir. 1999) (holding district court must make explicit factual findings or record must contain evidence to support special condition to restrict travel outside United States).

III.  Conclusion

For the above reasons, we **AFFIRM** Mr. Larson's sentence, including the three-year term of supervised release with the special condition requiring medication compliancy.

                    **Entered by the Court:**

                    **WADE BRORBY**
                    United States Circuit Judge

## UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT
## OFFICE OF THE CLERK

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

Elisabeth A. Shumaker  
Clerk of Court

November 15, 2010

Douglas E. Cressler  
Chief Deputy Clerk

Mr. John T. Carlson
Office of the Federal Public Defender
Districts of Colorado and Wyoming
633 17th Street, Suite 1000
Denver, CO 80202

**RE:**    **09-1465, United States v. Larson**
Dist/Ag docket: 1:08-CR-00523-PAB-1

Dear Counsel:

Enclosed is a copy of the order and judgment.

Please contact this office if you have questions.

Sincerely,

Elisabeth A. Shumaker
Clerk of the Court

cc:    James C. Murphy
       Hayley Elizabeth Reynolds

EAS/lg