Case 1:08-cr-00523-PAB   Document 66   Filed 10/24/16   USDC Colorado   Page 1 of 16

United States of America vs.  
Nathan Daniel Larson

Arraignment, Discovery and Detention Hearing  
December 19, 2008

```
 1              IN THE UNITED STATES DISTRICT COURT

 2                 FOR THE DISTRICT OF COLORADO

 3   Case No. 08-cr-00523-PAB-MJW

 4   ----------------------------------------------------------

 5   UNITED STATES OF AMERICA,

 6          Plaintiff,

 7   vs.

 8   NATHAN DANIEL LARSON,

 9          Defendant.

10   ----------------------------------------------------------

11          Proceedings before MICHAEL J. WATANABE, United

12   States Magistrate Judge, United States District Court for

13   the District of Colorado, commencing at 10:52 a.m.,

14   December 19, 2008, in the United States Courthouse,

15   Denver, Colorado.

16   ----------------------------------------------------------

17          WHEREUPON, THE ELECTRONICALLY RECORDED

18   PROCEEDINGS ARE HEREIN TYPOGRAPHICALLY TRANSCRIBED. . .

19   ----------------------------------------------------------

20                        APPEARANCES

21          KURT BOHN, Assistant United States Attorney
     appearing for the Government .
22
            MATTHEW GOLLA,  Assistant Federal Public
23   Defender, appearing for the Defendant.

24   ----------------------------------------------------------

25          ARRAIGNMENT, DISCOVERY, AND DETENTION HEARING
```

Case 1:08-cr-00523-PAB   Document 66   Filed 10/24/16   USDC Colorado   Page 2 of 16

| United States of America vs. | Arraignment, Discovery and Detention Hearing |
| --- | --- |
| Nathan Daniel Larson | December 19, 2008 |

Page 2

```
 1                P R O C E E D I N G S
 2            (Whereupon, the within electronically recorded
 3   proceedings are herein transcribed, pursuant to order of
 4   Counsel.)
 5            THE COURT:  All right.  The Court at this time
 6   will call Case Number 2008-cr-00523-PAB, United States of
 7   America versus Nathan Daniel Larson.
 8            Counsel on behalf of the government, if you'd
 9   enter your appearance, please.
10            MR. BOHN:  Good morning, Your Honor.  Kurt Bohn
11   from the U.S. Attorney's Office on behalf of the United
12   States.
13            THE COURT:  Counsel on behalf of the defendant,
14   please.
15            MR. GOLLA:  Good morning, Your Honor, Matthew
16   Golla on behalf of Mr. Nathan Daniel Larson who's present
17   with me in court in custody.
18            THE COURT:  Thank you.
19            Mr. Larson's case is before the Court this
20   morning for arraignment on the indictment, for a
21   discovery conference, and for detention hearing.  We will
22   address, first, the arraignment issue.
23            Mr. Golla, on behalf of the defendant,
24   Mr. Larson, have you now received a copy of the one count
25   indictment?
```

Case 1:08-cr-00523-PAB   Document 66   Filed 10/24/16   USDC Colorado   Page 3 of 16

United States of America vs.                          Arraignment, Discovery and Detention Hearing
Nathan Daniel Larson                                                          December 19, 2008

Page 3

1            MR. GOLLA:  Yes, I have, Your Honor.  I've
2   reviewed that one count indictment with Mr. Larson.  He
3   would enter a plea of not guilty at this time.  He would
4   waive any further reading of the indictment and
5   advisement concerning his rights with respect to the
6   indictment.
7            THE COURT:  The Court will accept the waiver of
8   any further reading or formal advisement of rights on
9   behalf of Mr. Larson as to the one count indictment, and
10  a not guilty plea will be entered on his behalf as to the
11  one count charge within the indictment.
12           Mr. Larson's case is also before the Court this
13  morning for detention hearing.  The Court has now
14  reviewed the -- strike that -- detention hearing and
15  discovery conference.  The Court has now reviewed the
16  discovery conference order, and I have added to it at
17  this point, the following information:  On the discovery
18  order on page 7, Roman Numeral paragraph IV concerning
19  speedy trial, the Court has added the speedy trial dates.
20  For the benefit of counsel and Mr. Larson, those are as
21  follows:  The 30-day minimum speedy trial date is
22  January 16, 2009; the 70-day speedy trial date is
23  February 24, 2009; and the 90-day in custody is March 16,
24  2009.
25           The Court has also inserted the discovery dates

Case 1:08-cr-00523-PAB   Document 66   Filed 10/24/16   USDC Colorado   Page 4 of 16

United States of America vs.                                      Arraignment, Discovery and Detention Hearing
Nathan Daniel Larson                                                                      December 19, 2008

Page 4

```
 1  and deadlines on page 8 under Roman Numeral paragraph for
 2  discovery order.  The government shall provide discovery
 3  by today, which is December 19, 2008, and reciprocal
 4  discovery by the defendant to the government shall be
 5  provided to the government on or before January 16th.
 6  And I think that's a typo, it should be 2009.  So I'll
 7  correct the year.
 8           So the defendant's discovery is due to the
 9  government by January 16, 2009.  With those additions to
10  the discovery order, the Court will approve the discovery
11  order as amended this morning on the record, it is made
12  an order of the Court, and a copy of the discovery order
13  will be provided to counsel, you'll receive from --
14  through eNotice.
15           Now, lastly, Mr. Larson's case is before the
16  Court for a detention hearing.  I want to make sure --
17  has the government received a copy of the pretrial
18  services report?  Mine had an attachment with the -- in
19  the email itself.
20           MR. BOHN:  Yeah, we have received that, Your
21  Honor.  Thank you.
22           THE COURT:  All right.  And Mr. Golla?
23           MR. GOLLA:  I have, Your Honor.
24           THE COURT:  All right.  Is the government ready
25  to proceed on the issue of detention?
```

Case 1:08-cr-00523-PAB   Document 66   Filed 10/24/16   USDC Colorado   Page 5 of 16

United States of America vs.                                    Arraignment, Discovery and Detention Hearing
Nathan Daniel Larson                                                                      December 19, 2008

Page 5

```
 1              MR. BOHN:  We are, Your Honor.
 2              THE COURT:  Defendant ready to proceed on the
 3   issue of detention?
 4              MR. GOLLA:  Yes, Your Honor.
 5              THE COURT:  Does the government have any
 6   witnesses you wish to call on the issue of detention?
 7              MR. BOHN:  Your Honor, I think I would just like
 8   to -- in light of the fact the Court has received the
 9   email, I would just -- I would proffer to the Court and
10   make argument off that.
11              THE COURT:  All right.
12              MR. BOHN:  So no witnesses at this time.
13              THE COURT:  All right.
14              MR. BOHN:  Would the --
15              THE COURT:  All right.  Then --
16              MR. BOHN:  -- would the Court like argument at
17   this point or argument later?
18              THE COURT:  Well, I'll allow you to make that
19   proffer.  And then, if you are resting your proffer at
20   this point, because I will be taking judicial notice of
21   the Court file, as well as the pretrial services report
22   which provided the attachment, which was the email that
23   gave rise to the incident.  So you're resting, then?
24              MR. BOHN:  I am, Your Honor.
25              THE COURT:  All right.  Mr. Golla, do you have a
```

Case 1:08-cr-00523-PAB   Document 66   Filed 10/24/16   USDC Colorado   Page 6 of 16

United States of America vs.                                    Arraignment, Discovery and Detention Hearing
Nathan Daniel Larson                                                                       December 19, 2008

Page 6

```
 1   proffer to make or any witnesses to call?
 2             MR. GOLLA:  No, Your Honor.  I do have a brief
 3   proffer.
 4             THE COURT:  Why don't you make your proffer, and
 5   then I'll allow argument.
 6             MR. GOLLA:  Okay.  I would just proffer to the
 7   Court that, according to my -- this may fall under
 8   argument also, but I'll proffer it anyway.  There was no
 9   firearms found during the investigation in this case.
10             THE COURT:  Okay.
11             MR. GOLLA:  And there was a -- that's basically
12   it.  The only proffer I would make -- the rest I would
13   argue just off the pretrial service report facts that
14   I'll argue.
15             THE COURT:  All right.  Do you have any further
16   evidence to offer, Mr. Bohn, on the proffer entered by
17   Mr. Golla?
18             MR. BOHN:  I don't, Your Honor.  Thank you.
19             THE COURT:  All right.  Then I'll hear argument,
20   first on behalf of the government on the issue of
21   detention.
22             MR. BOHN:  I think, Your Honor, this is a very
23   concerning case for a lot of reasons.  The primary reason
24   we believe there are no conditions or -- that can be
25   imposed upon Mr. Larson to reasonably assure his
```

Case 1:08-cr-00523-PAB   Document 66   Filed 10/24/16   USDC Colorado   Page 7 of 16

United States of America vs.  　　　　　　　　　　　Arraignment, Discovery and Detention Hearing
Nathan Daniel Larson　　　　　　　　　　　　　　　　　　　　　　　　December 19, 2008

Page 7

1  appearance or the safety of others is the -- the nature
2  of the very underlying crime.  A threat against the
3  United -- President of the United States, it isn't just a
4  threat against the President of the United States, it's
5  the nature of the threat and the way it was handled.
6　　　　　　Mr. Larson details in his email his intentions
7  and desire to kill the current -- well, the President of
8  the United States.  He details the right, the moral
9  right, which is the more concerning part, that in his
10 opinion it's all right to kill and use lethal force
11 against others because he disagrees with the current
12 posture of the United States' government.  He states in
13 there that it is -- the government's deaths were not only
14 immoral but unnecessary, and he goes on and he talks
15 about perhaps most disturbing is the government steadily
16 chipping away at the rights of citizens.  And he talks
17 about in here the unnecessary deaths, when he talks about
18 30,000 suicides a year, what a waste it is, that they've
19 done that by themselves.  It's always unfortunate when
20 any individual talks about a potential of being a suicide
21 risk, any life is important, especially their own.
22　　　　　　But when Mr. Larson has detailed and made it
23 quite clear that he thinks a person who's going to commit
24 suicide should do so with the intent of harming others
25 and taking them with him, and he talks about recreating

Case 1:08-cr-00523-PAB   Document 66   Filed 10/24/16   USDC Colorado   Page 8 of 16

United States of America vs.                                    Arraignment, Discovery and Detention Hearing
Nathan Daniel Larson                                                                          December 19, 2008

Page 8

1  another Ruby Ridge, even if he were not to assassinate
2  the President.  This is an individual who is clearly a
3  threat to the people of the United States and no
4  conditions -- by putting him on an ankle bracelet -- are
5  going to ensure the safety of others.
6           At this time, Your Honor, until Mr. Larson can
7  be evaluated, we would ask that he be detained for the
8  duration of this case, Your Honor.
9           THE COURT:  Thank you.
10          Mr. Golla, argument on behalf of Mr. Larson,
11 please.
12          MR. GOLLA:  Your Honor, I would just remind the
13 Court that the -- the two issues for detention are the --
14 are any risk of future appearance in court, or failure to
15 appear, and a -- and a threat to the community.
16          I don't think the first prong of that, the --
17 the failure to appear is not an issue, because he --
18 first of all, he has no criminal history, except for a --
19 he does have a -- a misdemeanor charge out of Fairfax,
20 Virginia, in 2003.  And there's no issues regarding his
21 failure to appear in that matter.  So I would say that --
22 that the government has not proved that he is a flight
23 risk.
24          The other issue, danger to the community, of
25 course, is what the government is hanging their hat on.

Case 1:08-cr-00523-PAB   Document 66   Filed 10/24/16   USDC Colorado   Page 9 of 16

United States of America vs.                                Arraignment, Discovery and Detention Hearing
Nathan Daniel Larson                                                              December 19, 2008

Page 9

1  I've -- I've seen the email.  I don't have a copy of it,
2  but I've seen it.  And what I would remind -- urge the
3  Court to consider is this:  As I said during my proffer,
4  there was no firearms found during the investigation in
5  this case.  And, furthermore, there's no history of
6  Mr. Larson possessing a firearm, and that's even --
7  that's even supported by the pretrial service report
8  which -- which includes, apparently, some investigation
9  that was conducted through interviews with -- with --
10 with Mr. Larson's mother, who indicated he's had some
11 mental health issues since he's been a -- a child.
12           And I would ask the Court to consider releasing
13 Mr. Larson to live with his sister, who resides in
14 Boulder, Colorado, at 4825 Thunderbird Circle, Apartment
15 H, and to put him on strict conditions, electronic
16 monitoring, and also a -- I plan on having him evaluated,
17 in any event, for purposes of this case, but the fact
18 that the agents interviewed him and he -- and,
19 apparently, he did say, Yeah, I meant what I said in the
20 email, I don't think those statements are supported by
21 his -- or his intent to carry this out is supported by
22 the other facts that arise in this investigation.  For
23 example, the fact that there's really no effort it seems
24 at all on his part to -- to prepare or to do anything
25 that would support what he's threatened to do in the

Case 1:08-cr-00523-PAB   Document 66   Filed 10/24/16   USDC Colorado   Page 10 of 16

United States of America vs.  Arraignment, Discovery and Detention Hearing
Nathan Daniel Larson  December 19, 2008

Page 10

1  email.
2         You know, these kind of cases are strange,
3  because you would think with -- with the contents of
4  these threats that the statutory maximum would be, you
5  know, a lot more.  The statutory maximum is five years
6  for this type of offense, which, I think, corresponds to
7  the -- to the actual offense itself and how serious it's
8  really taken under the guidelines.  He's looking at a
9  probation sentence, Mr. Larson, in this matter, with the
10 fact that he has no prior convictions -- for any
11 convictions, except for the one in Virginia, the
12 misdemeanor.
13        So I think when you -- when you consider that
14 as -- as well as the -- his -- his personal history and
15 that there are conditions that he can be monitored very
16 carefully while on -- while this case winds its way
17 through court, that it is not a -- unreasonable to
18 release him to his sister and to electronic monitoring,
19 and to -- and to -- and to consistent supervision by --
20 by the pretrial officer while this case is -- while I
21 prepare this case.
22        THE COURT:  All right.  Any further rebuttal
23 argument on behalf of the government at this point in
24 time?
25        MR. BOHN:  No, Your Honor, not based on that.

Case 1:08-cr-00523-PAB   Document 66   Filed 10/24/16   USDC Colorado   Page 11 of 16

United States of America vs.                                   Arraignment, Discovery and Detention Hearing
Nathan Daniel Larson                                                                December 19, 2008
Page 11

1    THE COURT:  All right.  This matter is before
2  the Court this morning for detention hearing.  The Court
3  has reviewed the pretrial services report that was done
4  in this case, including the email, which is the subject
5  of the underlying offense, which was attached.  Also, the
6  Court has taken judicial notice of the Court file and the
7  indictment therein.  The Court further has considered the
8  proffers made by the parties through counsel in this
9  case.
10            And the Court now being fully informed will make
11 the following findings, conclusions, and order on the
12 issue of detention.  I am finding by clear and convincing
13 evidence these findings, and they are as follows:  The
14 Court does find, first, that I do have jurisdiction over
15 the subject matter and over the parties to the lawsuit.
16 I further find that venue is proper here in the state and
17 district of Colorado, and further find that each party
18 has now been given a fair and adequate opportunity to be
19 heard on the issue of detention.
20            The Court finds that Mr. Larson has been charged
21 in the indictment with one count of threats against the
22 President of the United States in violation of 18 United
23 States Code, Section 871(a).  Based upon the indictment,
24 I do find probable cause exists as to that charge.  I
25 further find that Mr. Larson is a very young individual.

Case 1:08-cr-00523-PAB   Document 66   Filed 10/24/16   USDC Colorado   Page 12 of 16

| United States of America vs. | Arraignment, Discovery and Detention Hearing |
|---|---|
| Nathan Daniel Larson | December 19, 2008 |

Page 12

1  He does have a long history of mental illness which dates
2  back to age 4.
3             He has been on medication for various types of
4  diagnoses for mental illness since he was a teenager.
5  He has suffered a juvenile incident involving assault and
6  battery, and also involving malicious wounding of a
7  police officer.  The incident, as described in the
8  pretrial services report under the mental health, slash,
9  substance abuse section, which would be on page 3 at the
10 bottom portion thereof, says, At this juncture, the
11 defendant was charged in juvenile court with assault and
12 battery and malicious wounding of a peace -- police
13 officer.  Currently, the defendant sought revenge on a
14 schoolmate and saved up his urine, which he then sprayed
15 on the victim.  When the school and police intervened,
16 he, referring back to Mr. Larson, defendant, drew a
17 pocket knife on the police officer.
18            Then it goes on to indicate that he was then
19 placed on Paxil.  Apparently, there was a diagnosis of
20 depression, and he became very manic at that particular
21 point in time in his life.  Later, it indicates in that
22 same section, the pretrial services report, which
23 concerns the mental health and substance abuse of the
24 defendant, that he continued to have mental health
25 problems.  Again, at age 19, was contemplating suicide at

Case 1:08-cr-00523-PAB   Document 66   Filed 10/24/16   USDC Colorado   Page 13 of 16

| United States of America vs. | Arraignment, Discovery and Detention Hearing |
| Nathan Daniel Larson | December 19, 2008 |

Page 13

1  that point, apparently, according to the pretrial
2  services report.  It appears, at this point, in reviewing
3  the pretrial services report, he was then hospitalized
4  for 72 hours.  That's commonly referred to in this state
5  as a 72-hour hold and treat, which is when you do an
6  evaluation to determine if the person is either a danger
7  to himself or others.  This particular 72-hour evaluation
8  took place at Dominion Hospital in Vienna, Virginia.  He
9  was living there, apparently, at that time.
10         Mr. Larson was then prescribed Wellbutrin for
11 that diagnosis at that time, which, apparently, did help
12 him at that particular point in time with his
13 suicidal-type idealations [sic] at that juncture.  It
14 indicates then that in May of 2008, Mr. Larson took a job
15 and moved to Baltimore, Maryland.  His mother apparently
16 has provided to pretrial, at that point in his life, in
17 May of 2008, which would have been roughly six months
18 ago, roughly, he became depressed and obsessive with
19 reading books and information on the internet regarding
20 anarchists and anti-government activities.
21         He was then using the internet and blogging at
22 the time, apparently, according to his mother, and then
23 decided to run for office with the Libertarian platform,
24 exposing the platform that the government's functions
25 should be to eliminate -- be eliminated and the

Case 1:08-cr-00523-PAB   Document 66   Filed 10/24/16   USDC Colorado   Page 14 of 16

United States of America vs.                    Arraignment, Discovery and Detention Hearing
Nathan Daniel Larson                                                        December 19, 2008

Page 14

```
 1  government be disbanded.  So at that time frame, which
 2  was roughly six months ago, he apparently was indicating
 3  that he believed that the government should be eliminated
 4  and that the government be disbanded.  He was also,
 5  apparently, sending some threatening emails to other
 6  people and entities at that point in time.  Now, this has
 7  been apparently information that was provided to pretrial
 8  from his mother.
 9           As a result of that, the Federal Bureau of
10  Investigation got involved, interviewed, apparently, his
11  mother, tried to obtain the information from the
12  hospitalization that I previously indicated on the record
13  at the Dominion Hospital in Vienna, Virginia.  That was
14  not successful, apparently, at that point.  Again, in
15  September of 2008, which is roughly three months ago,
16  four months ago, he was hospitalized at Prince William
17  Hospital in Man- -- in Manassas, Virginia.  He was
18  diagnosed at that point with depression, received
19  medication, as indicated, Zyprexa, Remeron, and Zoloft at
20  that point in time.  There was a recommendation for a
21  further evaluation; however, there was a voluntary
22  commitment at that point in his life.
23           The Court also notes that he has a limited
24  residential and employment stability history in Colorado,
25  which is back to roughly November 11, 2008.  The Court
```

Case 1:08-cr-00523-PAB   Document 66   Filed 10/24/16   USDC Colorado   Page 15 of 16

United States of America vs.                                    Arraignment, Discovery and Detention Hearing
Nathan Daniel Larson                                                                        December 19, 2008
Page 15

1  also notes that the instant offense involves threats
2  against the President, and in reviewing the actual email,
3  Mr. Bohn is correct as far as his summary of what it
4  indicates.  The email is actually fairly lengthy, the
5  copy that I have begins on the bottom of one of the
6  pages, but then as they -- which would page 2, at least
7  the one I have, and continues onto page 3, 4, and 5,
8  single-spaced, which is fairly lengthy and descriptive of
9  his intentions at that point as to what he at least
10 wrote, apparently, through email what he wished to do.
11           Based upon those findings and the fact that he
12 does have a prior adult conviction for the use of a
13 computer for harassment, I do find at this point that he
14 is a danger to the community, and further find there's
15 not a condition or combination of conditions of release
16 that will assure the safety of the community at this
17 point.  So at this point, the Court will order that he be
18 detained without bond.  That will be the order of the
19 Court.
20           I will advise Mr. Larson that he may appeal the
21 Court's ruling to the District Court if he disagrees with
22 that ruling.  The Court will order, at this point,
23 counsel for both the government and the defendant to
24 Judge Brimmer's chambers following this hearing to set
25 Mr. Larson's case for trial.  That will be the order of

Case 1:08-cr-00523-PAB   Document 66   Filed 10/24/16   USDC Colorado   Page 16 of 16

United States of America vs.                                    Arraignment, Discovery and Detention Hearing
Nathan Daniel Larson                                                                        December 19, 2008

Page 16

```
 1  the Court.
 2          Mr. Bohn, do you have anything further on behalf
 3  of the government?
 4          MR. BOHN:  Nothing by the government, Your
 5  Honor.  Thank you.
 6          THE COURT:  All right.  Mr. Golla, anything
 7  further on behalf of Mr. Larson?
 8          MR. GOLLA:  No, Your Honor.  Thank you.
 9          THE COURT:  All right.  Mr. Larson, you're
10  remanded into, sir, the custody of the U.S. Marshal until
11  your next court appearance before Judge Brimmer.
12          Thank you, sir.
13          (Whereupon, the within hearing was then in
14  conclusion at 11:11 a.m.)
15
16          I certify that the foregoing is a correct
17  transcript, to the best of my knowledge and belief
18  (pursuant to the quality of the recording) from the
19  record of proceedings in the above-entitled matter.
20
21
    _____        _____
22  /s/ Linda L. Frizzell                 October 20, 2016
    Signature  of Transcriber                       Date
23
24
25
```